# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAROULE OCCIVIL, | : | |
| | : | |
| Petitioner | : | |
| | : | No. 1:17-CV-01258 |
| vs. | : | |
| | : | (Judge Rambo) |
| CLAIRE DOLL, | : | |
| | : | |
| Respondent | : | |

## **MEMORANDUM**

Presently before the Court is Petitioner Raroule Occivil's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the constitutionality of his prolonged detention by the United States Department of Homeland Security, Immigration, and Customs Enforcement ("ICE") at the York County Correctional Facility, York, Pennsylvania, without a bond hearing (Doc. No. 1.) Following an Order to show cause (Doc. No. 6), Respondents filed a response, contending that Petitioner is an "arriving alien" who is lawfully detained under 8 U.S.C. § 1225(b) and is not entitled to release or a bond hearing. (Doc. No. 8.) For the reasons set forth below, the Court will deny without prejudice Petitioner's writ of habeas corpus.

## I. **Background**

Raroule Occivil is a citizen and national of Haiti and a citizen of Venezuela. (Doc. 8 at 1.) On October 23, 2016, Occivil applied for admission to the United

1

States from Mexico, via the San Ysidro Port of Entry. (Doc. No. 8, Ex. 1, Record of Deportable/Inadmissible Alien at 2.) Occivil was charged as inadmissible because he did not have valid entry documents. (Id., Notice to Appear at 1.) While Occivil initially stated that he left Haiti for a better life (id. at 2), a few months later, he claimed fear of persecution and applied for asylum and withholding of removal. (Id. Ex. 3, Record of Determination/Credible Fear Worksheet at 3.)

On May 23, 2017, an immigration judge denied all pending applications (id. Ex. 4, Order of the immigration judge), and on June 14, 2017, Occivil filed an appeal with the Board of Immigration Appeals ("BIA"), which is currently pending. (Id. Ex 5, Filing Receipt for Appeal.) ICE is currently detaining Occivil pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii). (Doc. No. 8 at 4.) Occivil filed the instant petition for a writ of habeas corpus on July 18, 2017. (Doc. No. 1.)

## II. Discussion

### A. The Statutory Basis for Petitioner's Detention

Before determining whether Petitioner is entitled to relief, the Court must first determine whether Petitioner's detention arises out of 8 U.S.C. § 1226(c) or 8 U.S.C. § 1225(b). While Petitioner relies on case law involving aliens found inside the United States and held pursuant to 8 U.S.C. § 1226(c) (Doc. No. 1),

Respondent argues that Petitioner is being held pursuant to 8 U.S.C. § 1225(b) and is not entitled to release or a bond hearing. (Doc. No. 8.)

This Court has very recently been presented with a number of factually similar cases as the one presently before it. See, e.g., Ahmed v. Lowe, Civ. No. 3:16-CV-2082, 2017 WL 2374078 (M.D. Pa. May 31, 2017) (determining whether petitioner's detention arises out of 8 U.S.C. § 1226(c) or 8 U.S.C. § 1225(b)(2)(A), and finding that because Petitioner was classified as an "arriving alien," Petitioner's detention is controlled by § 1225(b)(2)(A)); Swarray v Lowe, Civ. No. 1:17-CV-0970, 2017 WL 3581710 (M.D. Pa. Aug. 18, 2017), adopting Report and Recommendation, Swarray v. Lowe, Civ. No. 1:17-cv-970, 2017 WL 3585868 (M.D. Pa. June 27, 2017) (Carlson, M.J.) (same); Singh v. Lowe, Civ. No. 3:17-0119, 2017 WL 1134413 (M.D. Pa. March 27, 2017), adopting Report and Recommendation, Singh v. Lowe, Civ. No. 3:17-CV-119, 2017 WL 1157899 (M.D. Pa. March 7, 2017) (Carlson, M.J.) (same).

Section 1226(c) would apply to Petitioner's detention if, prior to being taken into custody, he was admitted into the United States and was thereafter being removed because of his criminal convictions. See, e.g., Leslie v. Attorney Gen. of United States, 678 F.3d 265, 269-70 (3d Cir. 2012). In Petitioner's case, however, it is uncontested that he was never admitted into the United States. Rather, upon arriving at the boarder to the United States from Mexico, via the San Ysidro Port

of Entry, Petitioner was apprehended by the United States Customs and Border Control. (Doc. No. 8, Ex. 1, Record of Deportable/Inadmissible Alien at 2.)

In contrast, 8 U.S.C. § 1225(b) applies to "arriving aliens" such as Occivil. Section 1225(b) provides that arriving aliens are inspected immediately upon arrival in the United States by an officer of the United States Customs and Boarder Control. If the immigration officer determines that the alien is inadmissible because the alien cannot produce valid entry documents, see 8 U.S.C. § 1182(a)(7), "the officer shall order the alien removed from the United States without further hearing or review." 8 C.F.R. § 1235.3(b)(1)(I), (b)(2)(ii) (providing that arriving aliens subject to expedited removal are not entitled to a hearing or appeal of this decision).

If, however, the alien "indicates an intention to apply for asylum … or a fear of persecution, the officer shall refer the alien for an interview by an asylum officer." 8 U.S.C. § 1225(b)(1)(A)(ii); see 8 C.F.R. § 235.3(b)(4) ("if an alien subject to the expedited removal provisions indicates an intention to apply for asylum, or expresses a fear of persecution or torture, or a fear of return to his or her country, the inspecting officer shall not proceed further with removal of the alien until the alien has been referred for an interview by an asylum officer….").

Should the asylum officer determine that the alien has a credible fear of persecution, the alien "shall be detained for further consideration of the application

for asylum." 8 U.S.C. §1225(b)(1)(B)(ii). If the alien receives a positive credible fear determination, the alien will be placed in removal proceedings. 8 C.F.R. § 235.6(a)(1)(ii). The alien, however, remains detained pursuant to 8 U.S.C. § 1225(b)(2)(A) during the pendency of these proceedings. The only statute which permits an alien's release from § 1225(b) custody is 8 U.S.C. § 1182(d)(5)(A), pursuant to which an alien may be paroled into the United Sates if the Attorney General determines "on a case-by-case basis" that "urgent humanitarian reasons or significant public benefit" warrant the alien's release. 8 U.S.C. § 1182(d)(5)(A). Decisions under § 1182 are purely discretionary and the regulations prevent an immigration judge from "redetermin[ing] conditions of custody" with respect to certain classes of aliens, including "[a]rriving aliens in removal proceedings, including aliens paroled after arrival pursuant to section 212(d)(5) of the Act." 8 C.F.R. § 1003.19(h)(2)(i)(B).

As provided for above, Occivil presented himself for admission at the United States border from Mexico, via the San Ysidro Port of Entry, and was immediately detained and classified as an "arriving alien." See 8 C.F.R. § 1001.1(q) ("The term arriving alien means an applicant for admission coming or attempting to come into the United States at a port-of-entry …"). Accordingly, the Court finds that Occivil's detention is controlled by § 1225(b) and not § 1226(c).

**B. Petitioner's Due Process Claim**

Having resolved that Occivil's detention arises out of 8 U.S.C. § 1225(b), the Court now addresses whether he is entitled to the relief he seeks. Occivil argues that his detention by ICE for nine (9) months[1] has exceeded a reasonable period, violates due process, and he should therefore be either released or accorded a bond hearing. (Doc. No. 1.) Respondent asserts that the § 1225(b) requires detention without a bond hearing, and that arriving aliens who have never been admitted to the United States do not have the same constitutional protections as individuals who have entered the United States, and can therefore be subjected to prolonged detention. (Doc. No. 8.)

This Court notes that neither the Supreme Court nor the United States Court of Appeals for the Third Circuit has provided clear guidance as to whether Diop v. ICE/Homeland Sec., 656 F.3d 221 (3d Cir. 2011) (laying out a two step-process for a reviewing court to determine whether a detention has been unreasonably long, and then whether the unreasonable detention is necessary to fulfill § 1226's purposes) and Chavez-Alvarez v. Warden York County Prison, 783 F.3d 469 (3d Cir. 2015) (providing a clear guidance in assessing the reasonableness of the duration of any mandatory immigration detention and setting forth a balancing framework which is highly fact-specific), applies to detention of arriving aliens

---

[1] The Court notes that it Occivil has now been detained for approximately one (1) year, as he was taken into ICE custody on October 23, 2016. (Doc. No. 1.)

6

pursuant to 8 U.S.C. § 1225(b). However, the Court recognizes that "while admissible aliens are not afforded the fully panoply of protections under the Constitution, the Supreme Court has recognized that inadmissible aliens are entitled to some modicum of due process under the Fifth Amendment." Singh, 2017 WL 1134413, at *7 (citing Zadvydas v. Davis, 533 U.S. 678, 694 (2001) (holding that, although the Due Process Clause protects an alien subject to a final order of deportation, "the nature of that protection may vary depending upon status and circumstances.")) Moreover, the Third Circuit has provided that "[e]ven an excludable alien is a 'person' for purposes of the Fifth Amendment and is thus entitled to substantive due process." Chi Thon Ngo v. I.N.S., 192 F.3d 390, 396 (3d Cir. 1999).

Additionally,

> [I]n the context of the post-removal order detention statute, 8 U.S.C. § 1231, the Supreme Court has held that the distinction between admissible aliens, and those who have not been admitted to the United States, does not call [for] the denial of a basic requisite of due process: the opportunity to have an individualized bond determination when an alien faces protracted detention of an undefined and unreasonable nature. See Clark v. Martinez, 543 U.S. 371 (2005).
>
> Likewise, in the context of pre-removal mandatory detention of criminal aliens, it is now well-settled that there exists a due process right to individualized bond consideration once pre-removal detention has reached a presumptively unreasonable duration….

Singh, 2017 WL 1134413, at *7.

Given the due process rights afforded to excludable aliens in a post-final removal and pre-removal setting, many courts have rejected the very argument put before this Court by Respondent to completely deny arriving aliens who are detained pursuant to § 1225(b) any opportunity for bond consideration. Rather, in this developing due process jurisprudence, Courts have held that arriving aliens detained pursuant to § 1225(b) enjoy the same basic due process right afforded to many other classes of detained aliens; that is, the right to an individualized bond determination once the length of their pre-removal detention has become unreasonable. See, e.g, Swarray, 2017 WL 3581710 (holding that "due process protection for a § 1225(b)(2)(A) detainee is subject to consideration of reasonableness of the length of detention of that alien"); Singh v. Lowe, Civ. No. 3:17-CV-119, 2017 WL 1134413 (M.D. Pa. March 7, 2017) (finding that arriving aliens detained "pursuant to § 1225(b) have a due process right to an individualized bond consideration once it is determined that the duration of their detention has become unreasonable" and further finding that a sixteen (16) month duration reached the presumptively unreasonable length), appeal docketed, No. 17-2178, 2017 WL 1134413 (3d Cir. May 26, 2017); Ahmed v. Lowe, Civ. No. 3:16-CV-2082, 2017 WL 2374078 (M.D. Pa. May 31, 2017) (finding that petitioner who is an "arriving alien" detained pursuant to § 1225(b), has a due process right to an individualized bond hearing, and his detention for nearly twenty-seven (27) months

8

was presumptively unreasonable), appeal docketed, No. 17-2653, 2017 WL 2374078 (3d Cir. Aug. 3, 2017); Ahad v. Lowe, 235 F. Supp. 3d 676 (M.D. Pa. 2017) (holding that developing due process jurisprudence supports the finding that § 1225(b) contains an implicit statutory reasonableness requirement and detention of twenty (20) months is presumptively unreasonable), appeal docketed, No. 17-1492 (3d Cir. Mar. 9, 2017).

While the Court finds that arriving aliens detained pre-removal pursuant to § 1225(b) have a due process right to an individualized bond consideration once it is determined that the duration of their detention has become unreasonable, the Court does not find that Petitioner's twelve (12) month detention has reached the presumptively unreasonable length for purposes of § 1225(b). Compare Ahad, 235 F. Supp. 3d 676 (20 months unreasonable); Singh, 2017 WL 1134413 (16 months unreasonable); Singh v. Sabol, Civ. No. 1:16-CV-2246, 2017 WL 1541847 (M.D. Pa. Apr. 28, 2017), adopting Report and Recommendation, Singh v. Sabol, Civ. No. 1:16-CV-02246, 2017 WL 1659029 (M.D. Pa. Apr. 6, 2017), appeal docketed, No. 17-2383 (3d Cir. June 27, 2017) (17 months unreasonable); and Swarray, 2017 WL 3581710 (17 months unreasonable); with Gregorio-Chacon v. Lynch, Civ. No. 16-2768 (SDW), 2016 WL 6208264 (D.N.J. Oct. 24, 2016) (6 months not unreasonable); and Damus v. Tsourkaris, Civ. No. 16-933 (JLL), 2016 WL 4203816 (D.N.J. Aug. 8, 2016) (11 months not unreasonable). Accordingly,

because Petitioner's detention has not reached the presumptively unreasonable period, the Court will deny Petitioner's petition without prejudice.

### III. Conclusion

For the foregoing reasons, the Court will deny Occivil's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1), without prejudice to Petitioner's filing another petition in the event that the length of his detention becomes unreasonable. An appropriate Order follows.

                                          s/Sylvia H. Rambo
                                          SYLVIA H. RAMBO
                                          United States District Judge

Dated: November 7, 2017